UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAMIAN ADREACE JAMES,

    Plaintiff,

v.                                          Case No. 08-C-1004

DAVID A. CLARKE, JR.,

    Defendant.

**MEMORANDUM AND ORDER**

    Plaintiff Damian Adreace James, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated during his incarceration in the Milwaukee County Jail. Milwaukee County Sheriff David A. Clarke, Jr., is the sole defendant.

    Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The plaintiff filed a certified copy of his prisoner trust account statement for the three-month period immediately preceding the filing of the complaint. The requirement of 28 U.S.C. § 1915(a)(2) is that a statement covering a six-month period is to be filed, but Plaintiff's intake date was July 25, 2008 and his statement covers that period through October 28, 2008. He also filed the required affidavit of indigence. As his account balance as of October 28, 2008, was only ten cents, he lacks the funds to pay an initial partial filing fee. 28 U.S.C. § 1915(b)(4).

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this

standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). In this case, James alleges that the Sheriff deprived him of his constitutional right not to be subjected to cruel and unusual punishment.

As the Supreme Court reaffirmed in *Farmer v. Brennan*, 511 U.S. 825 (1994), the Eighth Amendment places restraints on the manner in which prison officials treat prisoners placed in their custody. Prison officials may not, for example, use excessive physical force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1 (1992). Prison officials also have a duty under the Eighth Amendment "to provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). James claims Sheriff Clarke violated his Eighth Amendment rights by subjecting him to conditions that do not meet this standard.

James alleges that he was sent into the jail's segregation unit upon his arrival on July 25, 2008, on the basis of prior rule violations from his incarceration in 2006. He alleges that in this unit he was kept on "23/7 lock down," and only was allowed out in handcuffs. He also claims he was

3

not able to enjoy a host of privileges apparently enjoyed by the general population of the jail. These privileges include use of the canteen, access to various media, access to mail, visitation, phone calls, the ability to clean his cell and change his clothes more often than once a week. James asserts that his being kept in this status for the first 40 days of his incarceration outside the jail's general population, when the time he was serving was without incident, constitutes cruel and unusual punishment. (Compl. at 4.)

To succeed on an Eighth Amendment claim, James must demonstrate that being excluded from the general prison population deprived him of the "'minimal civilized measure of life's necessities,'" such as adequate food, clothing, shelter, or medical care. *Higgason v. Farley*, 83 F.3d 807, 809 (7th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)); *see Brown v. Nix*, 33 F.3d 951, 953, 955 (8th Cir. 1994) (nine years' disciplinary segregation not cruel and unusual punishment). James' allegation that he was placed in segregation for forty days, by itself, is insufficient to state a claim under the Eighth Amendment. He also alleges, however, that the jail food service is improperly managed and the food provided is unsanitary to the point of creating a risk of causing sickness to those who ingest it. He claims that his meals "are normally well below the temperature mandated by law once they are served to us." While the Eighth Amendment does not provide a guarantee of hot meals, it does require meals "containing sufficient nutritional value to preserve health . . . .") *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994), (quoting *Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)); *see also Madyun v. Thompson*, 657 F.2d 868, 874 (7th Cir. 1981) (complaint that food served to inmates in segregation was cold and not from the menu of food for the general prison population, without any allegation that the level of nourishment was insufficient to maintain physical well-being, failed to

4

state a claim under the Eighth Amendment). James' allegation that the food was so unsanitary as to endanger the health of inmates is sufficient to state a claim under the Eighth Amendment. His claim will therefore be allowed to proceed.

Although he does not expressly assert it, James' allegations may also support a claim under the Due Process Clause of the Fourteenth Amendment. The Fourteenth Amendment prohibits state officers from depriving persons of liberty without due process of law. In the prison context, the Supreme Court has held that the Due Process Clause is implicated where inmates are subjected to conditions of confinement that result in "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). James' allegations describing the conditions of segregation may be sufficient to meet this standard. Accordingly, his case may proceed on this basis as well. The fact that the complaint does not use the phrase "due process" in describing his claim is not determinative. *See Hefferman v. Bass*, 467 F.3d 596, 599 (7th Cir. 2006) ("The point of a notice pleading standard is that the plaintiff is not required to plead either facts or legal theories.").

In sum, James may proceed on two claims: (1) that the defendant violated his Eighth Amendment right by failing to provide sanitary and nutritious food; and (2) that the defendant violated his Fourteenth Amendment right to due process by placing him in segregation without procedural safeguards. These are the claims that the defendant should respond to.

**THEREFORE, IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted.

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff or his designee shall collect from the plaintiff's prison trust account the $350 balance of the filing fee by collecting

5

monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendant pursuant to Fed. R. Civ. P. 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921. The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. § 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

**IT IS FURTHER ORDERED** that the defendants shall file a responsive pleading to the plaintiff's complaint.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Jail Administrator and to William Domina, Milwaukee County Corporation Counsel, 901 N. 9th St., Milwaukee, WI 53233.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Plaintiff should also retain a personal copy of each document. If plaintiff does not have access to a photocopy machine, plaintiff may send out identical handwritten or typed copies of any

6

documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in § 1915A precludes the defendant from moving to dismiss any claim identified in this order or potentially existing in the complaint if the defendant disagrees with my analysis or believes I have overlooked something during my screening.

Dated this  30th  day of December, 2008.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge